UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS-MICHAEL VOLPE and SUSAN-CIRA VOLPE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JP MORGAN CHASE BANK, JPMORGAN CHASE BANK N.A., WASHINGTON MUTUAL BANK FA, WASHINGTON MUTUAL BANK, WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION, (WMMSC), DEUTSCHE BANK, National Trust Co., Trustee; WaMu Mortgage Pass-Through Certificates Series 2005-AR11, SELECT PORTFOLIO SERVICING, (SPS), CALIFORNIA RECONVEYANCE CORPORATION, TRUSTEE CORPS, and DOES 1-25,<br><br>　　　　Defendants. | Case No. 8:22-cv-01054-JWH-DFM<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT [ECF Nos. 13, 14, 17, 18, & 29]** |

Before the Court are the motions of Defendants Select Portfolio Servicing, Inc. ("SPS"); Deutsche Bank National Trust Company, as Trustee on behalf of the holders of WaMu mortgage pass-through certificates, Series 2005-AR11 ("Deutsche Bank"); JPMorgan Chase Bank, N.A. ("Chase"); the California Reconveyance Corporation ("CRC"); and Washington Mutual Mortgages Securities Corporation ("WMMSC") (collectively, "Defendants") to dismiss the complaint of *pro se* Plaintiffs Thomas-Michael Volpe and Susan-Circa Volpe.[1] Also before the Court are Deutsche Bank's motion to strike portions of the Volpe's pleading[2] and Deutsche Bank and Chase's respective requests for judicial notice.[3] The Court finds these matters appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[4] the Court orders that Defendants' Motions to dismiss are **GRANTED**, for the reasons set forth herein.

---

[1] Def. Deutsche Bank's Mot. to Dismiss Pls.' Compl. ("Deutsche Bank's Motion to Dismiss") [ECF No. 13]; Def. Chase's Mot. to Dismiss Pls.' Compl. ("Chase's Motion") [ECF Nos. 17 & 18]; Def. Washington Mutual Mortgage Securities Corporation's Mot. for Joinder in Def. Chase's Motion [ECF No. 29].

[2] Def. Deutsche Bank's Mot. to Strike Portions of Pls.' Compl. ("Deutsche Bank's Motion to Strike") [ECF No. 14].

[3] Def. Deutsche Bank's Req. for Judicial Notice ("Deutsche Bank's RJN") [ECF No. 15]; Def. Chase's Req. for Judicial Notice ("Chase's RJN") [ECF No. 19].

[4] The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") [ECF No. 1]; (2) Deutsche Bank's Motion to Dismiss; (3) Chase's Motion (4) Deutsche Bank's RJN; (5) Chase's RJN; (6) Pls.' Response to the Mot. (the "Response") [ECF No. 24]; (7) Pls.' Response to Chase's Motion [ECF No. 23]; (8) Chase's Reply in Supp. of Chase's Motion [ECF No. 31]; and (9) Deutsche Bank's Reply in Supp. of Deutsche Bank's Motion to Dismiss (the "Reply") [ECF No. 39].

# I. BACKGROUND

This lawsuit arises out of a dispute regarding the enforceability of a deed of trust on a secured loan obtained by the Volpes in 2005 and regarding prior lawsuits by the Volpes against Defendants in state court.

## A. Factual Allegations[5]

The Volpes reside in Irvine, California. In 2005, they refinanced their home with non-party Washington Mutual Bank FA through a deed of trust.[6] The Volpes obtained a $750,000 loan from Washington Mutual that was secured by their property.[7] Washington Mutual securitized the Volpes' deed of trust, then it pooled and sold that asset to investors through other mortgage-backed securities.[8] The Volpes allege that Washington Mutual's securitization was imperfect, that their loan did not transfer,[9] and that Washington Mutual did not disclose that the note would be securitized.[10]

Washington Mutual filed a bankruptcy petition in 2008, and it was placed into receivership with the Federal Deposit Insurance Corporation (the "FDIC").[11] Defendant Chase was then appointed as the attorney-in-fact for the FDIC as the Receiver for Washington Mutual. That same year, Chase completed a Purchase and Assumption Agreement with the FDIC, through which Chase acquired Washington Mutual's assets. *See Tawfit v. JPMorgan Chase Bank*, 2020 WL 5074398, *1 (N.D. Cal. Aug. 26, 2020).

---

[5] The Court summarizes the Volpes' allegations from their pleading, which it assumes to be true for the purposes of these Motions. *See, e.g., Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (on motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party").

[6] Complaint 10:17-19.

[7] *Id.* at 23:15-19.

[8] *Id.* at 9:3-4.

[9] *Id.* at 11:24-25.

[10] *Id.* at 3:4-6 & 9:3-6.

[11] *Id.* at 8:20-22 & 11:18-19.

In 2009, after the Volpes received notifications that "WaMu is becoming Chase," the Volpes began to make loan payments to Chase. The Volpes continued to make those payments through 2020.[12] Chase then sold and transferred the Volpes' note to Defendant SPS, which then assigned the deed of trust to Defendant Deutsch Bank.[13]

In their Complaint, the Volpes allege that none of the named Defendants has a legitimate financial interest in the Volpes' real property.[14] They claim that "Washington Mutual Bank FA was not a legal entity," that it "was not a lender" at loan origination, and that Chase did not acquire the loan.[15] The Volpes assert that the assignments to Deutsche Bank were not valid, and they seek an order quieting title in them alone and cancelling their note, the deed of trust, and the assignment to Deutsche Bank.[16]

**B.  Procedural History**

In November 2020, the Volpes filed a quiet title action against Defendants in state court, alleging that the Washington Mutual deed of trust was fraudulent.[17] The state court sustained a demurrer filed by Chase and CRC, which SPS and Deutsche Bank joined.[18] The Volpes presented their "Living Testimony by Declaration" to the state court, which they restated in their Complaint in this Court.[19]

The Volpes filed an amended complaint in state court. Defendants responded with a demurrer that the state court again sustained—this time with

---

[12]  *Id.* at 13:13-14.
[13]  *Id.* at 3:19-22 & 13:14-15.
[14]  *Id.* at 8:17-20.
[15]  *Id.* at 12:3-9 & 13:6-19.
[16]  *Id.* at 18:13-25, 19:5-12, 22:4-20, & 32:13-17.
[17]  *Id.* at 4:7-12.
[18]  *Id.* at 8:1-16.
[19]  *Id.* at 9:7-8.

prejudice—and denied the Volpes' request for leave to amend.[20] The Volpes attempted to file another complaint alleging that Defendants committed fraud, but the state court clerk turned them away and "suggested [the Volpes] go to the Federal District Court."[21]

## II.  LEGAL STANDARD

### A.    Request for Judicial Notice

In deciding a motion to dismiss, courts generally look only to the face of the complaint and documents attached thereto. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The Court may consider, however, materials that are subject to judicial notice under Rule 201 of the Federal Rules of Evidence. *See Gerritsen v. Warner Bros. Entertainment, Inc.*, 112 F. Supp. 3d 1101, 1020 (C.D. Cal. 2015). Rule 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Such facts include "matters of public record." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

---

[20]    Response 9.
[21]    *Id.* at 10.

## B. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Review under Rule 12(b)(6) is generally limited to the contents of a complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"[A]ffirmative defenses may not be raised by motion to dismiss" unless "the defense raises no disputed issues of fact." *Scott v. Kuhlman*, 746 F.2d 1377, 1378 (9th Cir. 1984) (*per curiam*) (affirming the district court's dismissal of a complaint when "[t]he defendants raised *res judicata* in their motion to dismiss under Rule 12(b)(6)"); *see also Goldberg v. Cameron*, 694 F. App'x 564, 565-66 (9th Cir. 2017) (finding no error in the grant of the defendant's Rule 12(b)(6) motion to dismiss brought on the ground of *res judicata*); *Bayone v. Baca*, 130 F. App'x 869, 872 n.5 (9th Cir. 2005) ("We have held that the affirmative defense of res judicata may be raised in a motion to dismiss under Rule 12(b)(6)") (citing *Scott*, 746 F.2d at 1378).

Thus, for example, dismissal can be ordered based upon the principle of *res judicata* when the elements are established by the text of the complaint and judicially noticeable facts. *See, e.g.*, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.") (internal quotation marks and citation omitted); *see also Scott*, 746 F.2d at 1378 (dismissal can be granted under Rule 12(b)(6) if the court is able to discern the relevant facts by way of judicial notice of the earlier court proceeding).

If a complaint is to be dismissed, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (internal citations and quotation omitted). Leave to amend is not appropriate, even given the liberal pleading standard for *pro se* litigants, when "the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation omitted).

### III.  ANALYSIS

**A.  Defendants' Requests for Judicial Notice**

Deutsche Bank and Chase request that the Court take judicial notice of the following seven documents:

- the Complaint filed by the Volpes on November 23, 2020, in the case styled as *Volpe v. JP Morgan Chase Successor in Interest for Washington*

*Mutual FA*, Case No. 30-2020-01171555-CU-OR-CJC (Orange Cty. Sup. Ct.) (the "State Court Action");

- the First Amended Complaint filed by the Volpes in the State Court Action on February 26, 2021;
- the Notice of Ruling on Demurrers and Motion to Strike filed on May 26, 2021, in the State Court Action;
- the Second Amended Complaint filed by the Volpes in the State Court Action on June 14, 2021;
- the Minute Order entered on September 13, 2021, in the State Court Action;
- the Court's Order on Demurrers filed on September 28, 2021, in the State Court Action; and
- the Judgment of Dismissal entered in the State Court Action on October 29, 2021.[22]

The Volpes made no relevant objections in their Response, and they acknowledged the authenticity of their previous lawsuit in state court against Defendants and its subsequent dismissal with prejudice.[23]

Courts routinely take notice of docket items from other cases. *See, e.g.*, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (finding matters of public record outside the proceeding, such as motions filed in other cases, proper subjects of judicial notice); *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (taking judicial notice of briefs, transcripts, and various other court filings from a related case). Judicial notice of the state court proceedings is therefore appropriate. Because the Complaint and the Response extensively discuss the

---

[22] *See* Deutsche Bank's RJN; Chase's RJN. Although Deutsche Bank and Chase requested Judicial Notice of additional public documents, the Court found it unnecessary to consider those documents in connection with this decision.

[23] Response 9-10.

State Court Action, judicial notice is also appropriate under the incorporation-by-reference doctrine.

The Court therefore **GRANTS** Defendants' Request for Judicial Notice with respect to the above listed state court materials, and it takes judicial notice of those materials.

### B.    Doctrine of *Res Judicata*

Under the doctrine of *res judicata*, a "final judgment on the merits bars further claims by parties or their privies based on the same cause of action[.]" *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). The doctrine "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Id*. For *res judicata* to apply, three elements must be present: "(1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or their privies." *Gallardo v. AT & T Mobility, LLC*, 937 F. Supp. 2d 1128, 1134 (N.D. Cal. 2013).

The Ninth Circuit applies "several criteria to determine whether successive lawsuits involve a single cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Those criteria are as follows:

> (1) Whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).

#### 1.    Identity of Claims

Here, the four *Costantini* factors point toward finding a single cause of action in the instant cause. The Volpes do not contest that they filed a lawsuit

similar to the instant Complaint in state court, and an examination of the state court complaint and the instant Complaint reveal the same five causes of action.[24]  Because the Volpes' Second Amended State Court Complaint is identical to the instant Complaint, the identity of claims is established.

### 2. Final Judgment on the Merits

The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  The Volpes' Second Amended Complaint in the State Court Action was dismissed with prejudice following Defendants' demurrer, and it therefore serves as a final judgment on the merits.[25]

### 3. Privity Between Parties

The Volpes do not contest Defendants' assertions that the parties in the two cases are identical.  The Court therefore concludes that Defendants have established the elements necessary for a finding of *res judicata*.  The Court need not analyze Defendants' other claims.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' Request for Judicial Notice is **GRANTED**.
2. Defendants' Motions to Dismiss are **GRANTED**.
3. Deutsche Bank's Motion to Strike is **DENIED as moot**.
4. The Volpes' Complaint is **DISMISSED without leave to amend**.
5. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: October 30, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[24] *See* Complaint 16-34; Chase's RJN 17-39.
[25] Chase's RJN 2-3.